**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| **Plaintiff,** | * | |
| v. | * | Case No. 1:08-cv-00927 |
| **ALEXIS KONOWNITZINE** | * | |
| **Defendant.** | * | |

**ANSWER TO COMPLAINT FOR FEDERAL TAXES
<u>AND COUNTERCLAIM FOR REFUND</u>**

Alexis Konownitzine, the Defendant herein, by his counsel, in response to the Complaint for Federal Taxes ("Complaint") filed by the United States of America states as follows:

1. Defendant is not required either to admit or to deny the allegations contained within paragraph 1, which allegations purport to state a legal conclusion. To the extent an admission or denial is required, Defendant denies such allegations.

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2, and therefore denies the allegations contained therein.

3. Defendant is not required either to admit or to deny the allegations contained within paragraph 3, which allegations purport to state a legal conclusion. To the extent an admission or denial is required, Defendant denies such allegations.

4. Defendant is not required either to admit or to deny the allegations contained within paragraph 4, which allegations purport to state a legal conclusion. To the extent an admission or denial is required, Defendant denies such allegations.

5. The Defendant admits the allegations contained in paragraph 5.

STEIN, SPERLING, BENNETT,
DE JONG, DRISCOLL &
GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

6. The Defendant admits the allegations contained in paragraph 6.

7. The Defendant incorporates by reference the above responses to the allegations set forth in paragraphs 1 through 6.

8. Defendant does not have independent knowledge of the date the Internal Revenue Service claims to have made an assessment against him, and therefore denies the allegations contained in paragraph 8.

9. Defendant is not required either to admit or to deny the allegations contained within paragraph 9, which allegations purport to state a legal conclusion. To the extent an admission or denial is required, Defendant denies such allegations.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10, and therefore denies the allegations contained therein.

11. Defendant admits that he has not paid the exact sum that Plaintiff claims is owed.

12. Defendant denies the allegations contained in paragraph 12.

### SECOND DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

Defendant further intends to rely upon all defenses, legal and/or equitable, which may be available to it based upon the facts as may become known before and during the trial of this matter.

### FOURTH DEFENSE

Any and all other claims or allegations contained in Plaintiff's Complaint, not otherwise expressly admitted or denied herein, are hereby denied.

STEIN, SPERLING, BENNETT, DE JONG, DRISCOLL & GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

## AFFIRMATIVE DEFENSES

1. Defendant asserts that Plaintiff's claim is barred, at least in part, by the statute of limitations.

2. Defendant asserts that all or a portion of the original assessment by the Internal Revenue Service was made after the expiration of the three year statute of limitations for making an assessment against the Defendant.

3. Defendant asserts that the original assessment by the Internal Revenue Service wrongfully was assessed against him.

4. Defendant was not a responsible officer or party of the employer that failed to account properly for and pay over the federal employment taxes for which the United States has assessed Defendant pursuant to 28 U.S.C. § 6672.

5. Assuming *arguendo* that Defendant was a responsible officer, he did not act willfully during any period covered by the assessment or at any subsequent time in connection with the employer's failure to account properly for and pay over the federal employment taxes for which the United States has assessed Defendant pursuant to 28 U.S.C. § 6672.

6. The Complaint is barred, in whole or in part, by estoppel, laches, payment, waiver, set-off and/or recoupment.

## COUNTERCLAIM FOR REFUND

1. Beginning in March, 2006 and continuing through May, 2008, the Internal Revenue Service took approximately $2,000 per month from Defendant and Counter-plaintiff Alexis Konownitzine by attaching his wages, and applied tax refunds otherwise due him under his individual tax returns to the alleged liability.

STEIN, SPERLING, BENNETT, DE JONG, DRISCOLL & GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

2. The Internal Revenue Service attached Defendant and Counter-plaintiff Alexis Konownitzine's wages, and applied tax refunds otherwise due him under his individual tax returns to the alleged liability, pursuant to an assessment and penalty issued after finding him to have acted willfully as a responsible officer or party of the employer which failed to account properly for and pay over the federal employment taxes pursuant to 28 U.S.C. § 6672.

3. Defendant and Counter-plaintiff Alexis Konownitzine was not a responsible officer or party of the employer that allegedly failed to account properly for and pay over the federal employment taxes for which the United States has assessed Defendant pursuant to 28 U.S.C. § 6672.

4. Assuming *arguendo* that Defendant and Counter-plaintiff Alexis Konownitzine was a responsible officer or party, he did not act willfully during any period covered by the assessment or at any subsequent time in connection with the employer's failure to account properly for and pay over the federal employment taxes for which the United States has assessed Defendant pursuant to 28 U.S.C. § 6672

5. The original assessment by the Internal Revenue Service wrongfully was assessed against Defendant and Counter-plaintiff Alexis Konownitzine, and he was not a responsible officer or party against whom an assessment properly was made.

WHEREFORE, Defendant and Counter-plaintiff Alexis Konownitzine demands a refund of approximately $58,000 that the Internal Revenue Service wrongfully has taken from him, and seeks an award of such other and further relief as this Court deems just and proper.

Dated: September 3, 2008

STEIN, SPERLING, BENNETT, DE JONG, DRISCOLL & GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

By: _____/s/_____
Jeffrey M. Schwaber (USDC Bar No. 419681)
Stein, Sperling, Bennett, De Jong, Driscoll & Greenfeig, P.C.
25 West Middle Lane
Rockville, Maryland 20850
Telephone: (301) 838-3210
Facsimile: (301) 354-8110
Email: jschwaber@steinsperling.com

Attorneys for Defendant and Counter-plaintiff

STEIN, SPERLING, BENNETT,
DE JONG, DRISCOLL &
GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of September, 2008, I will electronically file the foregoing with the Clerk of the Court using the ECF system, which will then send a notification of such filing (NEF) to the following:

> Yonatan Gelblum
> Trial Attorney, Tax Division
> U.S. Department of Justice
> P.O. Box 227
> Washington, DC 20044

By: _____/s/_____
Jeffrey M. Schwaber (USDC Bar No. 419681)
Attorneys for Defendant
Stein, Sperling, Bennett, De Jong, Driscoll & Greenfeig, P.C.
25 West Middle Lane
Rockville, Maryland  20850
Telephone:  (301) 838-3210
Facsimile:  (301) 354-8110
Email: jschwaber@steinsperling.com

L:\CLIENTS\K\KERXTON.ALA\KONOWNITZINE, ALEXIS\IRS\ANSWER TO COMPLAINT FOR FEDERAL TAXES v2.REVISED.doc

STEIN, SPERLING, BENNETT, DE JONG, DRISCOLL & GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020